MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile:  (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Trevor J. Lackey

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TREVOR J. LACKEY, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| PARKER RANCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff TREVOR J. LACKEY, by and through his attorneys

Charles H. Brower and Michael P. Healy, and for cause of action against Defendant,

alleges and avers as follows:

## NATURE OF CASE

1.  Plaintiff TREVOR J. LACKEY (hereinafter "LACKEY") is and was at all times mentioned herein a resident of Kamuela, Hawaii, and citizen of the State of Hawaii.

2.  Defendant PARKER RANCH, INC. (hereinafter "PARKER RANCH"), is and was at all times mentioned herein a domestic profit corporation incorporated in the State of Hawaii.

3.  Plaintiff was hired by Defendants in May 2006, in the ranch maintenance department. Plaintiff was promoted and eventually became the maintenance foreman. In September 2016, Defendant created a new position for Plaintiff called Senior Energy Systems Specialist.

4.  On May 15, 2020, Plaintiff was terminated from his position due to disability discrimination. Defendant refused to allow Plaintiff a medically necessary reasonable accommodation for a disability affecting his balance, walking and speech, which would have allowed him to continuing to do his job.

## JURISDICTION

5.  The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

6.  The administrative prerequisites for filing this cause of action have been fulfilled.  A Dismissal and Notice of Rights was issued by the Equal Employment

2

Opportunity Commission ("EEOC") on April 19, 2022. The basis of the Charge of Discrimination filed with the EEOC was disability discrimination.

## STATEMENT OF FACTS

7.  Plaintiff was hired by Defendants in May 2006, in the ranch maintenance department. Plaintiff was promoted and eventually became the maintenance foreman. In September 2016, Defendant created a new position for Plaintiff called Senior Energy Systems Specialist.

8.  In about October 2018, Plaintiff began experiencing physical problems with his balance and walking. Plaintiff continued to perform his job duties, and believed at the time that the poor balance was the result of Plaintiff's recent injuries to his right ankle and left knee.

9.  On August 28, 2019, Plaintiff submitted a letter from his doctor in which Plaintiff's doctor opined that Plaintiff could continue to perform his job duties with limitations in terms of the distance Plaintiff was required to walk and/or hike to job sites, while continuing to undergo further medical evaluation to determine his medical condition causing the difficulties with balance, walking and speech.

10.  From August to October 2019, Plaintiff continued to perform his job duties.

11.  Plaintiff submitted another letter from his doctor, dated October 3, 2019, in which Plaintiff's doctor opined that Plaintiff was able to perform his job duties if

his walking was limited. Plaintiff could have continued to perform his job duties with this accommodation.

12. In late October 2019, Plaintiff was diagnosed by his neurologist with Cerebellar Ataxia. On November 15, 2019, Plaintiff's doctor recommended that Plaintiff be placed on temporary disability leave to seek further treatment and therapy, with a re-evaluation within three months. Management allowed the leave. Plaintiff went out on medical leave on November 19, 2019.

13. On February 15, 2020, Plaintiff submitted a letter from his doctor in which Plaintiff was continued out of work for further treatment and therapy, with an expected return-to-work date of May 15, 2020.

14. On March 27, 2020, Plaintiff submitted a letter from his doctor in which Plaintiff was cleared to return to work on March 30, 2020, with reasonable accommodations for walking, including, no hiking, and limited unassisted walking of less than 100 yards. Plaintiff's doctor also stated in the letter that Plaintiff could operate motor vehicles, including heavy machinery, at work.

15. On March 30, 2020, Plaintiff was informed that based on the March 27, 2020 doctor letter, Defendant had determined Plaintiff was unable to perform the essential job functions of his position even with the accommodations requested by his doctor.

16. On May 8, 2020, Plaintiff submitted doctors notes from his doctor and neurologist, dated April 20 and 21, respectively. The letter from Plaintiff's doctor released Plaintiff back to work with restrictions of no hiking, and no more than 100 yards of unassisted walking while in the field. The letter from Plaintiff's neurologist released Plaintiff back to work with the single requested accommodation of no hiking to three specific remote water intakes on the ranch property. Plaintiff did not need to hike for these water intakes in order to perform his job duties.

17. On May 14, 2020, Plaintiff was informed that Defendant had determined that Plaintiff could not perform the essential duties of his position. Plaintiff was terminated as of May 15, 2020.

18. Prior to Plaintiff's termination, Plaintiff did his job duties satisfactorily and never had any disciplinary action.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

19. Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

20. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

21. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

22. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

23. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

24. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

25. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

6

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A.     For reinstatement to Plaintiff's position with Defendant including full benefits; and

B.     For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C.     For special damages, including back pay, front pay and other expenses; and

D.     For punitive damages; and

E.     For attorney's fees, costs, and interest, including prejudgment interest; and

F.     For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED:  Honolulu, Hawaii, July 18, 2022.


  /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Trevor J. Lackey

7